Filed 8/10/21  P. v. Diaz CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN CARLOS DIAZ,<br><br>Defendant and Appellant. | B305600<br><br>(Los Angeles County<br>Super. Ct. No. BA128559) |

APPEAL from an order of the Superior Court of Los Angeles County.  Drew E. Edwards, Judge.  Reversed and remanded with directions.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1997, defendant and appellant Juan Carlos Diaz was convicted by a jury of second degree murder (Pen. Code, § 187)[1] and sentenced to 15 years to life in state prison.

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. After appointing counsel to represent defendant and considering briefing by both parties, the trial court denied defendant's petition without issuing an order to show cause and holding an evidentiary hearing pursuant to section 1170.95, subdivision (d).

Defendant timely filed a notice of appeal. He argues that because he established a prima facie case that he is potentially eligible for resentencing relief, the trial court should have issued an order to show cause and held an evidentiary hearing. The People agree.

In accordance with the parties' briefs, we reverse and remand the matter for the trial court to issue an order to show cause and to hold an evidentiary hearing pursuant to section 1170.95, subdivision (d).

## FACTUAL BACKGROUND

On October 18, 1995, defendant, Julio Alexander Ruiz (Ruiz), and Hugo Rene Lopez drove into rival gang territory. The three men then went into an apartment building and Ruiz fired three or four shots at the victim, killing him. After the shooting, Ruiz said that he killed the victim to avenge the killing of a fellow gang member. (*People v. Diaz* (May 26, 1999, B113486) [nonpub. opn.].)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

The Los Angeles District Attorney's Office filed an information charging defendant with one count of murder and alleged that defendant personally used a firearm[2] (§ 12022.5) and that a principal was armed with a firearm during the commission of the offense (§ 12022, subd. (a)(1)).

The trial court instructed the jury that it could find defendant guilty of murder either as an aider and abettor to murder or as an aider and abettor to assault with a firearm that resulted in murder under the natural and probable consequences doctrine.

The jury convicted defendant of second degree murder. Defendant appealed, and on May 26, 1999, we affirmed the judgment. (*People v. Diaz, supra*, B113486.)

## PROCEDURAL BACKGROUND

On February 22, 2019, defendant filed a petition to be resentenced pursuant to section 1170.95. He averred that because he had been convicted of murder under either a felony murder theory or the natural and probable consequences doctrine, he was entitled to resentencing relief. The trial court appointed counsel and set a briefing schedule.

On March 27, 2019, the People filed a response to defendant's petition.

On April 24, 2019, the trial court denied defendant's petition. In so ruling, the trial court stated: "The appellate opinion affirming the petitioner's conviction and sentence reflects that the petitioner was convicted as an aider and abettor to

---

[2]     After the close of evidence, the trial court granted defendant's motion to acquit on the personal use enhancement.

3

murder and not on a theory of felony murder of any degree, or a theory of natural and probable consequences."

On May 10, 2019, defendant filed a motion to reconsider his petition for rehearing on the grounds that the trial court had denied his section 1170.95 petition without reviewing his reply brief. The trial court granted that motion.

On January 29, 2020, after reviewing defendant's reply brief, the trial court denied defendant's petition for resentencing on the grounds that "the record of conviction in this case including the appellate opinion affirming petitioner's conviction and sentence reflects that the petitioner was a major participant in the murder at issue in this case who acted with reckless indifference to human life pursuant to Penal Code section 190.2(a)(17). The petitioner is therefore ineligible for relief pursuant to Penal Code section 1170.95."

Defendant's timely appeal ensued.

## DISCUSSION

### I. *Standard of Review*

We review the trial court's order de novo. (See *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [application of law to undisputed facts]; *A.S. v. Miller* (2019) 34 Cal.App.5th 284, 290 [statutory interpretation].)

### II. *Relevant Law*

Section 1170.95 provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*); see also *People*

4

*v. Lewis* (July 26, 2021, S260598) ___ Cal.5th ___ [2021 Cal.LEXIS 5258] (*Lewis*).)

In order to obtain resentencing relief, the petitioner must proceed through section 1170.95's separate steps. (*Lewis, supra,* ___ Cal.5th ___ [2021 Cal.LEXIS 5258, at pp. *6–*7].) First, a defendant must file a facially sufficient section 1170.95 petition. The petitioner must aver that he is eligible for relief because (1) an accusatory pleading was filed against him allowing the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) he was convicted of first or second degree murder; and (3) he could not be convicted of murder as a result of the recent amendments to sections 188 and 189. (§ 1170.95, subds. (a)(1)-(3), (b)(1)(A).)

"Where the petition complies with [these] requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief. [Citation.]" (*Lewis, supra,* ___ Cal.5th ___ [2021 Cal.LEXIS 5258, at p. *7].) "If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' [Citation.]" (*Ibid.*) At that hearing, "the burden of proof . . . shift[s] to the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Drayton, supra,* 47 Cal.App.5th at p. 981; see also § 1170.95, subd. (d)(1)-(3).)

III. *Defendant is entitled to an order to show cause evidentiary hearing*

As the parties agree, defendant made a prima facie showing of eligibility. After all, he filed a section 1170.95 petition averring that (1) an information had been filed against him allowing the prosecution to proceed under a theory of murder under the felony murder rule or the natural and probable consequences doctrine; (2) he was convicted of second degree murder; and (3) he could not now be convicted of murder following the amendments to sections 188 and 189. And, after an examination of the record and briefing by both parties, it is evident that (1) defendant was charged with murder, and (2) could have been convicted either as an aider and abettor to murder or as an aider and abettor to assault with a firearm and thus murder under the natural and probable consequences doctrine. (*Lewis*, *supra*, ___ Cal.5th ___ [2021 Cal.LEXIS 5258, at p. *32 & fn. 6].) Thus, it is not evident as a matter of law that defendant could be convicted of murder under the recently amended statutes. There is nothing in the record, including in our prior opinion, that indicates that defendant was necessarily convicted as an aider and abettor to murder as opposed to assault with a firearm. In fact, the jury was instructed on both theories and the prosecution argued both theories to the jury.

The trial court denied defendant's petition on the grounds that defendant was a major participant who acted with reckless indifference to human life. But to have made that determination, the trial court had to have engaged in some sort of "factfinding involving the weighing of evidence or the exercise of discretion." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) That is not permitted at the prima facie stage of the proceedings. (*Ibid.*) After all, as

set forth above, there is no conclusive evidence that defendant acted with reckless indifference to human life.  He could have been convicted under a natural and probable consequences theory of murder.  Under these circumstances, an evidentiary hearing—where the People bear the burden of proof beyond a reasonable doubt—is required.[3]

Because defendant satisfied the prima facie stage of section 1170.95, subdivision (c), the trial court was required to set the matter for an order to show cause, with an evidentiary hearing. (*Lewis*, *supra*, ___ Cal.5th ___ [2021 Cal.LEXIS 5258, at pp. *7–*8].)  In so holding, "[w]e express no opinion about [defendant's] ultimate entitlement to relief following the hearing.  (§ 1170.95, subd. (d)(2).)" (*Drayton*, *supra*, 47 Cal.App.5th at p. 983.)

---

[3]   As the People point out in their respondent's brief, while "the record at present overwhelmingly supports" the fact that defendant is not entitled to be resentenced, that finding cannot be made until after an evidentiary hearing.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed.  On remand, the trial court is directed to issue an order to show cause (§ 1170.95, subd. (c)) and to hold an evidentiary hearing to determine whether to vacate defendant's murder conviction and resentence him (§ 1170.95, subd. (d)).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT

8